IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| ALEXANDRA ARKUSZEWSKI, ) | Case No. 13 B 45595 |
| ) | |
| Debtor. ) | |
| ) | |

## AMENDED MEMORANDUM OF DECISION

This Chapter 13 case is before the court on the debtor's motion to vacate an order of dismissal. The case was dismissed on the ground that the debtor failed to file a certificate, required by 11 U.S.C. § 521(b), stating that she had received a credit counseling briefing required by 11 U.S.C. § 109(h)(1). The debtor asserts in her motion to vacate that she actually did file the certificate, though after the motion to dismiss had been filed, and that her failure to submit the certificate sooner should be excused because she was not represented by a lawyer. The certificate that the debtor filed, however, indicates that although she received the credit counseling briefing on the day that she filed her bankruptcy case, she received it after the case was filed. Because § 109(h)(1) requires that an individual receive a credit counseling briefing before filing a bankruptcy case, the debtor was not eligible to proceed in bankruptcy, and dismissal of her case was required regardless of the filing of the credit counseling certificate.

### Jurisdiction

Under 28 U.S.C. § 1334(a), the federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code, but 28 U.S.C. § 157(a) allows the

district courts to refer these cases to the bankruptcy judges for their districts, and the District Court for the Northern District of Illinois has made such a reference of all of its bankruptcy cases. N.D. Ill. Internal Operating Procedure 15(a). Under 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on "core proceedings arising under" the Bankruptcy Code. Eligibility to be a debtor in a bankruptcy case arises under the Code and so is a matter as to which a bankruptcy judge may enter final judgment. *See In re First Assured Warranty Corp.*, 383 B.R. 502, 518 (Bankr. D. Colo. 2008).

## Factual Background

The relevant facts are drawn from the filings in this case. On November 25, 2013, Alexandra Arkuszewski filed a petition for relief under Chapter 13 of the Bankruptcy Code. Exhibit D to the petition set out the following instruction in bold type:

> Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.

Below this warning, Arkuszewski checked the box for the following statement, with the emphasis shown as in the original document:

> Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Arkuszewski did not file a certificate regarding a credit counseling briefing within

2

14 days after filing her bankruptcy case (a period that ended on December 9), and on December 11, the standing trustee in the case filed a motion to dismiss based on the absence of a filed certificate. Arkuszewski did not contest the motion, and an order dismissing the case was entered.

On February 11, Arkuszewski moved to vacate the order of dismissal. The motion said that Arkuszewski did in fact file the certificate—on December 19, about a week after it was due—and so she assumed that the trustee's motion would be withdrawn. The motion did not directly address the late filing of the certificate, but it did state that "Debtor seeks a more liberal standard in the filing of pleadings as Detor [sic] is not as well versed in legal matters as a licensed Attorney."

The certificate that Arkuszewski filed on December 19 declared, "[O]n November 25, 2013, at 7:31 o'clock PM EST, Alexandra Arkuszewski received . . . an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111." November 25 was the date on which Arkuszewski filed her petition, but 7:31 p.m. Eastern Standard Time was well after the clerk's office in Chicago had closed. When she appeared in court to present her motion to vacate, Arkuszewski stated that she had begun the process of obtaining the credit counseling briefing before she filed the case, but she did not complete the process and receive the briefing until afterward. She added that an employee of the bankruptcy clerk's office told her when she filed the case that this would be "good enough."

3

## Legal Conclusions

Arkuszewski's eligibility to proceed in this case depends on the application of § 109(h)(1) of the Bankruptcy Code. Excluding only inapplicable exceptions,[1] that paragraph provides:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

This language has produced a dispute in the published decisions over its application to an individual who files a bankruptcy petition and then, later the same day, receives a briefing on available credit counseling. The dispute raises two distinct issues.

The first issue is the meaning of the phrase "date of filing." Section 109(h)(1) requires that a credit counseling briefing be received in the 180-day period "ending on the date of filing." Some decisions hold that "date of filing" means the time of day when filing takes place. Under this view, the 180-day period ends when the case is filed, and a receipt of credit counseling after case filing would be outside the statutory period. *See In re Lane*, 12-10718-M, 2012 WL 1865448 at *4 (Bankr. N.D. Okla. May 22, 2012); *In re Koo*, No. 12-00121, 2012 WL 692578 at *1-2 (Bankr. D.D.C. March 2, 2012). Another decision, *In re Walker*, 502 B.R. 324, 328 (Bankr. N.D. Ill. 2013), holds that "date of filing" means the entire calendar day on which the case is filed. Under *Walker*, the 180-day period would extend to any time before midnight of the day of filing, and a post-filing briefing that day would comply with § 109(h)(1).

---

[1] The exceptions, set out in other paragraphs of § 109(h), deal with unavailability of credit counseling briefings and inability of the debtor to obtain or understand the briefing.

4

Case 13-45595    Doc 34    Filed 03/24/14    Entered 03/24/14 10:41:04    Desc Main
              Document      Page 5 of 9

But a second, quite distinct issue concerns the status of "debtor," and it is dispositive here. Section 109(h) states that if an individual does not receive a credit counseling briefing during the 180-day period, the individual "may not be a debtor." If a person must qualify as a "debtor" to file a case, then someone who has not yet received a credit counseling briefing—and so may not be a debtor—cannot properly file. *See In re Jackson*, No. 12-77990, 2012 WL 7679562, at *2 (Bankr. N.D. Ga. December 13, 2012) (noting that § 109(h)(1) provides that "'an individual may not be a debtor' unless he 'has ... received' credit counseling"). *Jackson* concluded from this language that to be eligible to file a bankruptcy case an individual must receive a credit counseling briefing before the time of filing. *Jackson's* reading of § 109(h)(1) applies the plain meaning of the statutory language, and in the absence of any conflicting indications it <u>must</u> be followed. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).

Two reasons might be given for rejecting the *Jackson* interpretation, but neither is persuasive. The first, suggested in *Walker*, focuses on the phrase in § 109(h)(1) that an individual may not be a debtor unless the individual "has received" a credit counseling briefing. *Walker* implies that because "has received" is in the present perfect tense, an individual who began receiving a credit counseling briefing before filing the bankruptcy case and is still receiving it at the time of the filing might be able to become a "debtor." *See Walker*, 502 B.R. 329-30:

> The statute is not in the past tense ("received").... It is in the present perfect ("has received"). R. Huddleston & G.K. Pullum, THE CAMBRIDGE GRAMMAR OF THE ENGLISH LANGUAGE 143 (2002). Unlike the simple past tense, which generally points to single occurrences in the past that are completed, the present perfect may be used to denote both past and present time. The present perfect is concerned "with a time-span beginning in the past and extending up to now. It is not used in contexts where the 'now' component of this is explicitly or implicitly excluded." *Id.*

As used in § 109(h)(1), though, the present perfect tense does not indicate continuing activity. Rather, the tense is used in a phrase or sentence to set out an action, completed in the past, that has a present effect. *The Cambridge Grammar* cited in *Walker* calls this the "resultative perfect." *The Cambridge Grammar* at 145. Among its examples of resultative perfect tense, the *Grammar* includes the sentence "She has run ten kilometers," and explains that this completed act of running will result in a present effect such as "She is tired" or "She is hot." *Id.* In § 109(h)(1), the phrase using the present perfect tense—an individual "has . . . received" a credit counseling briefing—sets out the completed action, and the result is that the individual is eligible to be the debtor in a bankruptcy case. Eligibility begins when the past action—receipt of a credit counseling briefing—has been completed. Only a person who "has received" a credit counseling briefing is eligible to be a debtor; a person who is only in the process of receiving the briefing is not eligible.

A second ground for rejecting the *Jackson* interpretation could be an interpretation of § 109(h)(1) that allows a non-debtor to file a bankruptcy case and become a debtor afterward. This approach would allow the status of "might-become debtor"— someone who files a bankruptcy case without having received a credit counseling briefing and so is not a debtor at the time of filing, but who has the potential for becoming a debtor by receiving the briefing before the day ends.

The problem with this approach is that it contradicts the understanding of "debtor" set out in the Bankruptcy Code. Section 101(13) of the Code defines the term "debtor" as a "person or municipality concerning which a case under this title has been commenced." If this definition is inserted into § 109(h)(1) in place of the word "debtor," the statute reads "an individual may not be a person concerning [whom] a case under this title has been

6

commenced unless such individual has . . . received" a credit counseling briefing. Put more directly, if an individual is not able to be a "debtor," the individual cannot be the subject of a bankruptcy case. The Code does not allow filing by a "might-become debtor."[2]

If there were any ambiguity about whether § 109(h)(1) requires a credit counseling briefing before filing a bankruptcy case, the legislative history would resolve it. The current version of § 109(h)(1) was preceded by a version enacted as § 106 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (April 20, 2005). Like the current version, the original one provided that an individual may not be a debtor unless the individual "has received" a credit counseling briefing during a 180-day period. But rather than stating that this period ended on the date of filing, the original version treated 180 days as the "period preceding" the date of filing. This language obviously required the briefing to be received before the bankruptcy filing—and the legislative history of the provision confirmed as much, stating that receipt of the briefing was "a condition of eligibility for bankruptcy relief." H.R.Rep. No. 109-31, at 54 (2005). But this original version also generated a dispute in published opinions—based on different interpretations of "date of filing"—as to whether an individual could properly receive the credit counseling briefing on the same day as the bankruptcy filing. Some decisions held that "date of filing" was the time of day the case was filed, so that the period preceding the "date of filing" extended to the filing day itself. Others held that "date of

---

[2] Because a person filing a bankruptcy petition is a "debtor" from the time of filing, the person's property becomes property of the estate immediately upon filing since the estate is defined as including "all legal or equitable interests *of the debtor* in property as of the commencement of the case." 11 U.S.C. § 541(a)(1)(emphasis added). Similarly, the automatic stay applies immediately upon the filing of a bankruptcy petition, to (among other things), "the enforcement, *against the debtor or against property of the estate*, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a)(3) (emphasis added).

filing" ended at midnight on the day before the day of filing, so that receipt of credit counseling on day of filing was not effective. *See In re Francisco*, 390 B.R. 700, 702-04 (B.A.P. 10th Cir. 2008) (collecting and discussing conflicting decisions). None of the decisions, however, suggested that § 109(h)(1) allowed the credit counseling briefing to be obtained after a case was filed.

The current version of § 109(h)(1) was introduced by the Bankruptcy Technical Corrections Act of 2010, Pub. L. 111–327, 124 Stat 3557 (Dec. 22, 2010); it resolved the dispute in the case law by allowing the briefing to be received on the date of filing. But as a technical correction, the new version cannot properly be interpreted as reversing the original requirement that the credit counseling briefing be received before the bankruptcy case is filed. *See Brown v. Thompson*, 374 F.3d 253, 259 (4th Cir. 2004) (holding that by placing the term "technical" in the title of a law "Congress intended . . . a clarifying amendment, not a substantive change").

So § 109(h)(1) does require receipt of a credit counseling briefing before a case is filed, and Arkuszewski's motion to vacate dismissal must be denied. Even if she began the process of receiving a credit counseling briefing before she filed her case, she did not receive the briefing until afterward. And even if a clerk's office employee told her that post-filing receipt of a briefing would be effective, that advice could not nullify the effect of the law. *See West v. Lewis Color Lithographers*, No. 606CV064, 2007 WL 2071531, at *2 (S.D. Ga. July 16, 2007) (stating that "no litigant may ask for or receive substantive advice of any kind from this Court's Clerk, and certainly no one may *rely* on any such advice") (emphasis in original).

8

## Conclusion

For the reasons set out above, Arkuszewski's motion to vacate the dismissal of this case will be denied.

Dated: March 24, 2014

_____
Eugene R. Wedoff
United States Bankruptcy Judge